# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD T. GERBINO | : | CIVIL ACTION |
| v. | : | No. 15-1440 |
| JON NICHOLAS COHEN | : | |

## MEMORANDUM OPINION

Savage, J.                                                                                                    July 1, 2015

The defendant, Jon Nicholas Cohen, moves to dismiss this personal injury action arising out of an incident that occurred in North Carolina almost three years before suit was filed. He contends that the action is barred by the statute of limitations. Opposing dismissal, the plaintiff, Richard Gerbino, argues that the three-year North Carolina statute of limitations, rather than the two-year Pennsylvania limitations period, applies. Alternatively, Gerbino requests transfer to the District of North Carolina.

We conclude that the action is time-barred. The Pennsylvania "borrowing statute," 42 Pa. Cons. Stat. Ann. § 5521(b), requires us to apply the shorter limitations period of two years. Therefore, because this action was filed more than two years after the action accrued, we shall grant the motion to dismiss.

As alleged in the complaint,[1] on March 30, 2012, Gerbino, a New Jersey resident, and Cohen, a Pennsylvania resident, were passengers on a chartered bus in North Carolina. As they were disembarking, Cohen contacted Gerbino, causing him to fall to the ground. As a result, Gerbino sustained bodily injuries. He seeks damages for pain and suffering, and medical expenses.

---

[1] In considering the motion, we accept as true the well pleaded allegations in the complaint. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009).

One month short of three years after the incident, on March 2, 2015, Gerbino filed this action. Cohen responded by filing his motion to dismiss, raising the statute of limitations.

Typically, a statute of limitations defense may not be presented in a motion to dismiss under Fed. R. Civ. P. 12(b). A statute of limitations defense is not among the seven enumerated defenses which may be raised in a Rule 12(b) motion.[2] Instead, Rule 8 requires a party to affirmatively assert a statute of limitations defense in a responsive pleading. Fed. R. Civ. P. 8(c). However, in the Third Circuit, a statute of limitations defense may be raised in a Rule(12)(b) motion to dismiss where the facts alleged in the complaint clearly demonstrate that the action was filed after the expiration of the applicable statute of limitations. *Benak, ex rel Alliance Premier Growth Fund v. Alliance Capital*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Robinson v. Johnson*, 313 F.3d 128, 135-37 (3d Cir. 2002).

Because the action has been brought in Pennsylvania, we must apply the Pennsylvania Uniform Statute of Limitations on Foreign Claims Act, 42 Pa. Cons. Stat. Ann. § 5521(b), popularly known as the "borrowing statute." *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487 (1941); *McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 659 (3d Cir. 1980). The statute provides that "the period of limitations applicable to a claim accruing outside the Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of the Commonwealth, whichever first bars the claim." 42 Pa. Cons. Stat. Ann. § 5521(b).

---

[2] The seven defenses which may be raised in a Rule 12(b) motion are: lack of subject-matter jurisdiction; lack of personal jurisdiction; improper venue; insufficient process; insufficient service of process; failure to state a claim upon which relief can be granted; and failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(1)-(7).

The Pennsylvania statute of limitations for personal injury actions is two years. 42 Pa. Cons. Stat. Ann. § 5524(2). The North Carolina statute of limitations is three years. N.C. Gen. Stat. Ann. § 1-52. Because the Pennsylvania statute of limitations is shorter than the North Carolina limitations period, it must be applied. Thus, this action is time-barred by Pennsylvania's two-year statute of limitations.

Citing 28 U.S.C. § 1404(a), Gerbino urges us to transfer the action to the District of North Carolina where he could have brought this action originally. Notwithstanding that the North Carolina limitations period had not expired before Gerbino filed his action in this court, transfer will not save it from Pennsylvania's statute of limitations.

A transferee court is obligated to apply the state law that would have been applied by the transferor court. *VanDusen v. Barrack*, 376 U.S. 612 (1964). The rule applies even where the plaintiff, rather than the defendant, seeks transfer. *Ferens v. John Deere Co.*, 494 U.S. 516, 525 (1990). Consequently, if the action were transferred, the North Carolina court would be required to apply Pennsylvania's two-year limitations period. Because transfer would be futile, we shall not transfer the action. Instead, we shall dismiss it as time-barred.